IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 OCT 29 PM 4:33
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| JILL HUBLEY, | § | Civil No. _____ |
| | § | |
| On behalf of herself and all others similarly situated, | § § § § | A08CA 804LY |
| Plaintiffs | § § | |
| v. | § § | CLASS ACTION |
| DELL INC. | § § | JURY TRIAL DEMAND |
| | § § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff Jill Hubley ("Plaintiff") files this Complaint against Defendant Dell Inc. ("Dell"), alleges and states as follows:

## Introduction

1. This case arises out of Dell's systemic company-wide discriminatory treatment of its female employees in violation of federal and applicable state civil rights laws. Having satisfied all administrative prerequisites, Plaintiff now files this Complaint.

## Parties

**A.  Plaintiff Class Representative**

2. Plaintiff Jill Hubley is a female resident and citizen of Austin, Texas. Plaintiff was employed by Dell at its Round Rock, Texas location as a Senior Strategist in the Learning and Development division of Dell Human Resources and supported the

Americas business group. Plaintiff was classified as a Grade Level D1 employee at Dell. Plaintiff worked for Dell as a Grade Level D1 between June 2005 and September 2007.

**B.     Defendant**

3.      Dell is a Delaware corporation with its principal place of business in Round Rock, Texas and may be served with process by serving its registered agent for service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701. Dell currently employs approximately 88,000 employees world-wide and has locations throughout the nation and in international locations.

## Jurisdiction

4.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* prohibiting gender discrimination in employment.

## Exhaustion of Administrative Remedies

5.      Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging, among other things, class-wide general discrimination against women at Dell with respect to the compensation, career opportunities, lateral transfer, placement, promotion, retention and termination of female employees in violation of Title VII.

6. Plaintiff has received a notice of right to sue from the EEOC and, accordingly, has exhausted all administrative prerequisites for the maintenance of this action.

### Facts

7. Since at least 2003, Dell has systematically denied equal employment opportunities to its female employees. Dell has engaged in a pattern and practice of gender discrimination with respect to compensating and promoting female employees. Dell has engaged in a pattern and practice of gender discrimination with respect to other terms and conditions of employment of female professional employees at Dell that affect compensation and promotion opportunities including, but not limited to: training and mentoring; job assignments, including assignments to ex patriate positions; opportunities for business development; participation in company programs designed to accelerate promotion and job advancement, including but not limited to Key Talent Programs and Accelerated Development Training Programs; lateral transfers; retention; terminations; and promotion processes and procedures, including failing to credit women during promotion decisions for their experience or performance on the same basis as men and failing to consider women for timely promotions on the same basis as men.

8. Female employees have experienced discrimination with respect to training and mentoring, and in the advocacy process of promotion and advancement at Dell.

## Class Action Allegations

9. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek to represent a worldwide class consisting of:

All women employed by Dell between February 1, 2003 and the present, whether based the United States or worldwide.

Plaintiffs reserve the right to seek to represent sub-classes of the world-wide class.

10. *Numerosity.* The number of women in the class exceeds 2,000. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder.

11. *Commonality.* There are questions of law and fact common to the class. The overarching question of law and fact that is common to all members of the class is whether Dell, through the acts and/or omissions of its management and supervisory workforce, has adopted and/or maintained a policy or practice of employment discrimination that is generally applicable to the class of all of Dell's female employees. This overarching common issue of law and fact includes numerous subissues of law and fact that are also common to all members of the class. These subissues include, but are not limited to, the following:

- Whether Dell's female employees have been promoted at rates that are disproportionately low compared to the rates at which male employees have been promoted;

- Whether Dell's female employees have been afforded treatment in respect of numerous aspects of employment (including but not limited to training, job assignments, short-term "ex-patriate" assignments outside the United States, participation in company programs designed to accelerate promotion and job advancement; lateral transfers, reductions in force, business

development opportunities, promotion, termination and compensation) that is less favorable than the treatment afforded by Dell to its male employees;

- Whether the employment policies or practices of Dell that have adversely affected its female executives violate Title VII because of the disparate impact of those policies or practices on women; and

- Whether Dell's discriminatory employment practices constitute a "continuing violation."

12. *Typicality.* The claim of the above-identified class representative is typical of the claims of all class members because: (a) she and all class members have been subjected to the same company-wide practice of gender discrimination in employment; (b) her claims are based upon allegations that she has been adversely affected by Dell's practice of gender discrimination in a similar manner to that of class members in that she has received less favorable treatment than male employees at Dell with respect to numerous aspects of employment, including, without limitation, as to compensation and promotion; and (c) her claims are all based on the same legal theory or theories as those of the class members.

13. *Adequacy of Representation.* The above-identified class representative is an adequate representative of the class because: (1) she is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (2) her interests are not in any way antagonistic to those of the other class members; and (3) she is represented by counsel experienced in litigating employment discrimination claims and class actions.

594023

14. *Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(2).* Class action status is appropriate under Fed. R. Civ. P. 23(b)(2) because Dell has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of the adoption and/or maintenance by Dell of a common, company-wide policy or practice of gender discrimination in employment to which each member of the class has been subjected. This relief would predominate over monetary relief

## COUNT I

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER – CLASS CLAIMS FOR RELIEF

15. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 14 of this Complaint as though set forth here in full.

16. Plaintiff and members of the class are employees of Dell within the meaning of 42 U.S.C. § 2000(e) *et seq.*

17. The discriminatory policies or practices of Dell, as set forth in this Complaint, have denied Plaintiff and members of the class their right to equal employment opportunity in violation of 42 U.S.C. § 2000(e) *et seq.*

18. Dell has adopted and/or maintained a system-wide policy or practice of gender discrimination by, among other things, denying Plaintiff and members of the class equal opportunities as described above.

19. Dell has adopted and/or maintained subjective employment practices, including but not limited to, subjective and disparate practices for assessing and

594023

evaluating the ability and potential of their female professional employees that have had the adverse impact of denying female professional employees equal career advancement and other employment opportunities on account of their gender.

20. By reason of Dell's discriminatory policies or practices as set forth in this Complaint, Plaintiff and members of the class have suffered damages including, but not limited to, past and future loss of income and benefits and promotional opportunities. Plaintiff and members of the class are threatened with further injury and loss which are irreparable in nature and for which they have no adequate remedy at law.

## ALTERNATIVE COUNT II

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER AND RETALIATION– INDIVIDUAL CLAIM FOR RELIEF

21. In the alternative and in the event that this Court does not determine that class certification is appropriate, Plaintiff asserts the following individual claim of discrimination and retaliation.

22. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 20 of this Complaint as though set forth here in full.

23. Plaintiff has experienced gender discrimination and retaliation with respect to the failure of Dell to promote her to Grade Level D3, with respect to her compensation and benefits, with respect to the termination of her employment pursuant to Dell's purported "job elimination" and with respect to the failure of Dell to allow her to laterally transfer or be hired into other available positions for which she was qualified. In

addition, Dell engaged in illegal retaliation against Plaintiff because she complained of sexual discrimination and harassment at Dell.

24. Dell's wrongful conduct towards Plaintiff was intentional, malicious, deliberate, willful and oppressive, and was carried out with reckless and callous disregard for her rights.

25. By reason of Dell's discriminatory and unlawful employment practices as set forth in this Complaint, Plaintiff has suffered damage including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectively prays:

1. That this case be maintained as a class action on behalf of the proposed class; that Plaintiff be designated as representatives of the class, and that their counsel of record be designated as Class Counsel;

2. That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff and the members of the class under Title VII;

3. That a permanent prohibitory injunction be issued prohibiting Defendant, its officers, agents, employees and successors from engaging in the employment practices complained of herein;

594023

4. That a permanent mandatory injunction be issued requiring that Defendant adopt employment practices in accord with the requirements of Title VII prohibiting gender discrimination in employment;

5. That judgment be entered in favor of Plaintiffs and the members of the class set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiffs and the members of the class;

6. That Plaintiff be awarded compensatory and punitive damages for her individual claim;

7. That the Plaintiff and members of the class be awarded such other and further legal and equitable relief as may be found appropriate and as the court may deem just or equitable;

8. That the Plaintiff and members of the class be awarded costs including, but not limited to, attorneys' fees, experts' fees, and other costs and expenses of this litigation; and

9. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and it determined to be in full compliance with the law.

### Jury Demand

Plaintiff demands trial by jury on all issues triable of right by jury.

Dated: October 29, 2008

Respectfully submitted,

HANCE SCARBOROUGH, LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 479-8888
(512) 482-6891 Fax

By: _____
    Geoffrey D. Weisbart
    State Bar No. 21102645
    gweisbart@hslawmail.com

Julie A. Springer
State Bar No. 18966770
jspringer@scottdoug.com
Jennifer Knauth
State Bar No. 12394680
jknauth@scottdoug.com
SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
(512) 495-6300
(512) 474-0731 Fax

594023