IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2009 NOV -6  PM 2: 44

| | | |
|---|---|---|
| JILL HUBLEY AND LAURA GUENTHER, | § | Civil No. A:08-CA-804 JRN |
| | § | |
| | § | |
| On behalf of themselves and all others similarly situated, | § | |
| | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | **CLASS ACTION** |
| | § | |
| DELL INC. | § | **JURY TRIAL DEMAND** |
| | § | |
| Defendant. | § | |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

A hearing was held on October 29, 2009, during which time the Court heard Plaintiffs' Motion for Final Approval. The Court had previously entered an Order of Preliminary Approval appointing Class Counsel, approving notice to the Class, establishing deadlines for objections, setting a date for a final fairness hearing, certifying the Class and preliminarily approving the Settlement Agreement. Having considered the written submissions of the parties and all objections timely submitted by any Class Member, and having held a final fairness hearing and having considered the evidence and argument offered at the final fairness hearing, it is hereby ORDERED that the class is finally certified and the settlement is finally approved as follows:

### I.    CLASS CERTIFICATION

"A class may be certified if all four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met and one or more of the provisions of Rule 23(b) is satisfied." *Garza v. Sporting Goods Properties, Inc.*, 1996 WL 56247, at *3-6 (W.D. Tex. 1996).

Here, the proposed Class is defined as:

All women employed by Dell in the United States for at least one day in a C1 through D3 grade level positions or their equivalents between February 14, 2007 and December 31, 2008, excluding any former employee who previously executed a complete release as part of any prior litigation or settlement agreement (but not a severance agreement) and further excluding any current or former employee who filed a complaint of discrimination with a state or federal agency.

## A.    Rule 23(a) Criteria

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

### 1.    Numerosity.

This class encompasses some 4,919 potential Class Members, too many for joinder of all to be practicable. *See Mullen v. Treasure Chest Casino LLC*, 186 F.3d 620, 624 (5th Cir. 1999).

### 2.    Commonality.

The commonality requirement of Rule 23(a)(2) mandates there be at least one factual or legal issue which is common to all or substantially all of the class members. Fed. R. Civ. P. 23(a)(2); *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). "The commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (internal quotation omitted). "The threshold of 'commonality' is not high." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). The existence and operation of a company-wide policy and practice of unlawful discrimination, as alleged in the First Amended Complaint, satisfies commonality. *See Rossini v. Ogilvy & Mather. Inc.*, 798 F.2d 590, 599 (2d. Cir. 1986) (holding that discriminatory intent was major issue of law and fact

shared in common by individual and class plaintiffs); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 442 (W.D. Tex. 1999) (holding that "[a]s long as class members are allegedly affected by a defendant's general [discriminatory] policy, and the general policy is the crux or focus of the litigation, the commonality prerequisite is satisfied").

### 3.   Typicality

Rule 23(a)(3)'s typicality requirement "is satisfied when each class member's claim arises from the same [common] course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993); *see also Jenkins*, 782 F.2d at 472 (stating that "[t]he 'typicality' requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims"). Plaintiffs do not assert claims unique to themselves. Their claims arise from the same factual and legal foundations as do the claims of other members and the legal and remedial theories behind the claims are similar.  Typicality is satisfied.

### 4.   Adequacy of Representation

Rule 23(a)(4) requires the class representatives and their counsel to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement, plaintiffs must show "[1] the zeal and competence of the representative[s'] counsel and [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002).  These requirements are met here.  Class counsel in this case are skilled, competent, and experienced attorneys, and have significant experience in class actions in general and in employment-related class actions in particular.  The Court also finds the class representatives adequately represented the class.  Normally, "[c]lass representatives satisfy the adequacy

requirement unless they have an insufficient stake in the outcome or interest antagonistic to the unnamed members." *Garza*, 1996 WL 56247, at *4 (internal quotation omitted).  The evidence reflects that Plaintiffs have taken an active role in the litigation, consulted extensively with Class Counsel, personally participated in the settlement negotiations, and have reviewed and approved of all settlement documents.  There is no evidence that Class Representatives have any interests antagonistic to those of the Class.  The class representatives are adequate.

**B.      Rule 23(b)(2).**

In addition to complying with the prerequisites of Rule 23(a), a putative class action must also satisfy at least one subsection of Rule 23(b).  Plaintiffs here seek certification under Rule 23(b)(2), which requires the Court to find:

> the [defendant] has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed. R. Civ. P. 23(b)(2).

Discrimination cases seeking injunctive relief "are the 'paradigm' of [Rule] 23(b)(2) class action cases." *Comer v. Cisneros*, 37 F.3d 775, 796 (2d Cir. 1994).  In fact, "Rule 23(b)(2) was promulgated . . . essentially as a tool for facilitating civil rights [class] actions." 5 Moore's Federal Practice, § 23.43[1][a] (Matthew Bender 3d ed. 1988).  Plaintiffs allege in their First Amended Complaint that Dell has acted or refused to act on grounds generally applicable to the class, in a number of ways.  Equitable relief setting forth various programmatic requirements for Dell's policies and procedures is the appropriate and predominant form of relief sought and obtained by plaintiffs.  *See Doe v. Bridgeport Police Dept.*, 198 F.R.D. 325, 333 (D. Conn. 2001); *Bruce v. Christian*, 113 F.R.D. 554, 559 (S.D.N.Y. 1986) (recognizing lawsuit seeking

class-wide structural relief which would redound to benefit of each class member is a "paradigmatic Rule 23(b)(2) class action").

The Fifth Circuit allows (b)(2) certifications that include some award of monetary damages, as long as monetary claims are "incidental" to the injunctive relief sought. *In re Monumental Life Ins. Co.*, 365 F.3d 408, 415 (5th Cir. 2004); *Allison*, 151 F.3d at 411. In this case, the monetary relief is incidental to the changes in Dell's processes and procedures that are the thrust of this Rule 23(b)(2) action. Here, however, the Court does not need to consider whether the monetary component of the settlement is "incidental," because back pay is the only monetary relief sought. *See Allison*, 151 F.3d 416 n.10. Back pay is, by definition, purely equitable relief. *See id.* at 415 ("Back pay, of course, had long been recognized as an equitable remedy under Title VII."). The *Allison* court thus explained that it was, in fact, error for the district court to evaluate whether back pay sought in a class action was incidental to other equitable or injunctive relief sought in the case. *See id.* at 416 n.10 ("Of course, to the extent the district court applied an incidental damages standard to the plaintiffs' claims for back pay, its analysis was flawed").

"When a class falls within the classic Rule 23(b)(2) paradigm, as it does here, no opt-out procedure is necessary to protect the interests of the class." *Dehoyos v. Allstate Corp.*, 240 F.R.D. 269, 285 (W.D. Tex. 2007) (citing *Ayers v. Thompson*, 358 F.3d 356, 375 (5th Cir. 2004)); *accord Allison*, 151 F.3d at 412. No opt-out procedure is accorded because the intent behind Rule 23(b)(2) is that suits primarily for injunctive relief are "inherently class actions and the decision generally will be applicable to a class of persons affected." 8 Newberg on Class Actions § 24:81 (4th ed. 2002).

The interests of the class members in this proposed settlement are cohesive and homogenous. Plaintiffs seek to redress a common injury by class-wide equitable relief. As a result, an opt-out procedure is not required here, and the Court concludes the class is properly certified as a (b)(2) class without opt-out rights.

## II.   NOTICE WAS APPROPRIATE

In accordance with the procedures approved in the Preliminary Approval Order, the Class was provided with the Class Notice regarding the proposed Settlement Agreement and the deadlines and procedures for objecting. The Court finds that the Class Notice and measures taken by the Claims Administrator in mailing the Class Notices were adequate to inform Class Members of the proposed settlement and that such actions provided sufficient notice for Class Members' due process rights to be adequately protected.

## III.   SETTLEMENT APPROVAL

Having determined the class is properly certified and that notice was appropriate, the Court must next address the proposed Settlement Agreement. To approve the settlement, the Court must find the proposed settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(1)(C); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

There is a strong presumption in favor of finding the Settlement Agreement fair. *Garza*, 1996 WL 56247 at *11. The proposed settlement is not required to "achieve some hypothetical standard constructed by imagining every benefit that might someday be obtained in contested litigation." *Id.* (internal quotation omitted). Compromise is the essence of settlement. *Id.* In assessing whether the settlement is fair, adequate and reasonable, the Fifth Circuit has stated six key points, or *Reed* factors, which should be considered. These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the probability of plaintiffs' success on the merits;

(3) the range of possible recovery; (4) the complexity, expense and likely duration of the litigation; (5) the stage of the proceedings and the amount of discovery completed; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Additionally, the Fifth Circuit has "admonished courts to be mindful of the 'overriding public interest in favor of settlement' in class action suits." *Garza*, 1996 WL 56247, at *12 (quoting *Cotton*, 559 F.2d at 1331). In this case, the Court concludes the *Reed* factors support approval.

### Factor 1 – There is no Evidence of Fraud or Collusion Behind the Settlement.

There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. 4 Newberg on Class Actions § 11:51 (4th ed. 2002). Here, there are no allegations or indications of fraud or collusion. Indeed, the parties engaged in a lengthy, arms' length settlement process overseen by an experienced class action mediator who submitted an affidavit in support of the settlement. Based on the undisputed record, the Court determines the proposed settlement was the product of arms' length negotiations, free of fraud or collusion. This factor weighs in favor of approving the settlement.

### Factors 2 and 3 – Probability of Success and the Range of Possible Recovery.

In evaluating the likelihood of success on the merits, the Court must compare the terms of the settlement with the rewards the class would have been likely to receive following a successful trial. *Reed*, 703 F.2d at 172. Importantly, as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should "not be turned into a trial or rehearsal for trial on merits." *Officers for Justice*, 688 F.2d at 650.

Here, Plaintiffs faced substantial obstacles to prevailing on the merits. First, Plaintiffs would have had to obtain certification outside of the settlement process. This would have been

challenging. "Few employment discrimination class actions have been certified in the Fifth Circuit since *Allison*. Most of the reported employment discrimination cases in which class certification has been sought since *Allison* have not resulted in class treatment." *Colindres v. Quietflex Mfg.*, 235 F.R.D. 347, 371 (S.D. Tex. 2006). Because "'the prospects for obtaining certification have a great impact on the range of recovery one can expect to reap from the [class] action,' this factor measures the likelihood of obtaining and keeping a class certification if the action were to proceed to trial." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (internal citation omitted). Even if Plaintiffs were successful at obtaining a certification, the certified class would have faced many factual and legal challenges. Both Plaintiffs and Dell retained experts who have already offered different interpretations of the critical statistical evidence in the case. If Dell's expert's view prevailed, the Class might recover much less than it is recovering in settlement.

Additionally, and perhaps most importantly, the settlement obtains many specific programmatic benefits that most likely could not have been obtained even in the most favorable outcome at a trial on the merits due to the reluctance of courts to attempt to manage the affairs of parties. In other words, this settlement, in many ways, accomplishes more than what could have been accomplished after a successful trial.

For example, as part of the settlement, Dell has agreed to retain a Labor Economist/Statistician to conduct a pay equity analysis of existing compensation and recommend any pay equity adjustments for all current female employees in C1 through D3 grade level positions. Dell has also agreed to retain an Industrial Psychologist to assist Dell in reviewing, developing and recommending policies and practices with regard to compensation, performance evaluations, hiring, promotions and job assignments. Dell, in conjunction with the

Industrial Psychologist, will evaluate and develop processes and procedures, or improve existing processes and procedures. Dell also agreed to retain an External Advisor to serve as a resource concerning equal employment opportunity and diversity initiatives, and to assist with and ensure compliance with the Settlement Agreement.

The undisputed record reveals the settlement will not only provide significant benefits to members of Plaintiffs' class but also to other women working at Dell now and in the future. This further favors approval of the settlement. *See Dehoyos*, 240 F.R.D. at 295 (citing *Allison*, 151 F.3d at 429). As a result, the Court determines these substantial and immediate benefits from the settlement both in comparison to what might be obtained at trial and in comparison to the uncertainties of litigation weigh in favor of approving the settlement.

### Factor 4 – The Complexity, Expense and Likely Duration of the Litigation.

In evaluating the merits of a class action settlement, this Court has recognized it is important to be mindful of "the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *San Antonio Hispanic Officers' Org., Inc.*, 188 F.R.D. at 458. Specifically, as counsel for the parties have concluded, the probability of further protracted litigation, including appeals, would be a near certainty in the absence of a settlement. Additional litigation would likely include: (1) contested class certification proceedings; (2) an appeal under Federal Rule of Procedure 23(f); (3) dispositive motions; (4) extensive pretrial filings; (5) a lengthy trial; (6) post-trial proceedings in this District Court; and (7) further appeals. Having considered the complexity, expense, and likely duration of the litigation, the Court concludes this factor weighs in favor of approving the proposed settlement.

### Factor 5 – The Stage of the Proceedings and the Amount of Discovery Repeated.

In order to determine whether the parties have sufficient information to evaluate the terms of the settlement, the Court should look to more than simply the amount of formal discovery which has been completed. *Cotton*, 559 F.2d at 1332-33. The Court should consider all information which has been available to the parties. *Garza*, 1996 WL 56247, at *13.

The evidence reflects that the parties shared substantial documents and data. Plaintiffs and Dell both retained statistical experts who engaged in extensive analysis of employment data. In light of this discovery and statistical analysis, Class Counsel determined the proposed settlement is fair, adequate and reasonable. The Court determines the stage of the proceedings and the amount of discovery completed have provided the information necessary to permit the parties and the Court to make an informed judgment on the merits of the settlement. This factor therefore weighs in favor of accepting the proposed settlement.

### Factor 6 – Opinions of Class Counsel, Class Representatives and Absent Class Members.

The endorsement of class counsel is entitled to deference. *Lelsz v. Kavanagh*, 783 F. Supp. 286, 297 (N.D. Tex. 1991), *aff'd*, 983 F.2d 1061 (5th Cir.). Here, counsel for both parties have engaged in numerous class action lawsuits and possess a substantial amount of experience and expertise, and counsel have concluded that the settlement is fair, reasonable, and adequate. The class representatives also strongly support the settlement.

In addition to the opinions of class counsel and class representatives, the Court should consider the opinions of absent class members. In this case, only four individual objections were filed, only two of which make any substantive claims concerning the settlement. One of the principal objections has been withdrawn. In light of the nationwide notice, the minimal level of opposition from absent class members weighs heavily in favor of approving the settlement. *See DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) (determining that "[t]he

fact that only a handful of class members objected to the settlement similarly weighs in its favor").

The Court finds the opinions of class counsel, the class representatives, and the absent class members weigh in favor of approval. Objections aside, having considered all the relevant factors, the Court finds the Settlement Agreement to be fair, reasonable and adequate.

## IV.   OBJECTIONS

The Court must next decide whether the four responses and/or objections filed here by absent class members provide a reason to reject the settlement.  "Once the court has given preliminary approval, an agreement is presumptively reasonable, and an individual who objects has a heavy burden of demonstrating that the settlement is unreasonable." *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 138-39 (W.D. Ky. 1992). General objections without factual or legal substantiation do not carry weight. 4 Newberg on Class Actions § 11:58 (4th ed. 2002); *see also* Fed. Prac. & Proc. § 1797.1 (providing that in class action settlement dispute "[o]nly clearly presented objections ... will be considered").  "To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974).

Objector Carolyn Thompson appeared in this matter through counsel.  Thompson filed a Advisory to the Court (Doc. No. 39) prior to the Final Fairness Hearing advising the Court stating that she "withdraws her request to be excluded from the class action settlement, and her alternative objection to the proposed class action."

Objector Rita Daur appeared *pro se* in open court at the Final Fairness Hearing.  At the Final Fairness Hearing, as reflected on the record, Daur withdrew her objections to the

Settlement at the Final Fairness Hearing.

Prior to withdrawing their objections, the Court notes that Thompson and Daur both complained about the lack of a right to opt-out of the class. However, the Fifth Circuit has held that "a member of a Rule 23(b)(2) class action has no absolute right to opt out of the class, even where monetary relief has been sought and is made available." *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 994 (5th Cir. 1981); *accord Dehoyos*, 240 F.R.D. at 285. A Rule 23(b)(2) class, such as this case, has "a greater decree of 'cohesiveness or unity in the class' than in 23(b)(3) actions, which minimizes the need for ... a right to opt out of the class." *Id.* at 993-94. "This cohesiveness is claimed to result from both the group nature of the harm alleged and the broad character of the relief sought." *Id.* at 994. Therefore, an automatic right to opt-out is not created merely because a class action settlement includes some form of monetary relief. *Id.*

The same analysis applies here. The alleged harm suffered by all class members arose from the alleged generally applicable policies of Dell. Furthermore, the undisputed evidence shows all class members will benefit from the broad, class-wide relief for which the settlement provides. Because class members suffered the same harm, and because the relief achieved in the settlement is broad class-wide relief, this Court determines the inclusion of an opt-out provision was not necessary. Important policy considerations also dictate that objectors to the settlement of a Rule 23(b)(2) class action need not be provided an opportunity to opt out of the settlement. *Kincade v. General Tire and Rubber Co.*, 635 F.2d 501, 507 (5th Cir. 1981). Specifically, "'[p]articularly in class action suits, there is an overriding public interest in favor of settlement.'" *Id.* (quoting Cotton, 559 F.2d at 1331). "[A]llowing objectors to opt out [of Rule 23(b)(2) actions] would discourage settlements because class action defendants would not be inclined to settle where the result would likely be a settlement applicable only to class

members with questionable claims, with those having stronger claims opting out to pursue their individual claims separately." *Id.* For all these reasons, the objection that the settlement should include an opt-out right, is overruled.

Furthermore, the due process clause of the Constitution also does not require a right to opt out in this case. The Fifth Circuit explained how due process is satisfied in a non-opt-out Rule 23(b)(2) action:

> The due process clause of the Constitution is satisfied when a Rule 23(b)(2) class action is settled without providing objectors a means of opting out because the objectors are (1) adequately represented by the named plaintiffs, (2) represented by an attorney who is qualified, (3) provided with notice of the proposed settlement, (4) given an opportunity to object to the settlement, and (5) assured that the settlement will not take effect unless the trial judge-after analyzing the facts and law of the case and considering all objections to the proposed settlement-determines it to be fair, adequate, and reasonable.

*Kincade*, 635 F.2d at 507-08. As explained in this Order, all of these factors are readily met here.

Additionally, objector Daur expressed concern about preserving her claim for state unemployment benefits. Such a claim is not precluded by the Release in this case. Both Dell and Class Counsel expressed their agreement with this, and the Court so finds.

Daur, alternatively, has lodged several objections to the terms of the Settlement.[1] Daur claims that: (1) the notice period was not sufficient, (2) that the settlement unfairly benefits the women still employed at Dell, and (3) the settlement should have included an admission of wrongdoing by Dell. Only Daur's second complaint is worthy of mention at any length.[2]

---

[1] Notably, Thompson, who withdrew her objection, explains that she has no desire to upset the settlement, which she seems to believe is a fair and reasonable settlement.

[2] As the first and third objections, neither is anywhere near sufficient to disturb the settlement. The Court has already concluded that the Notice process was appropriate, and courts have upheld time frames of thirty (30) days and less, particularly when the actual fairness hearing is not held for several more weeks. *See, e.g., In re Elan Securities Litigation*, 385 F. Supp. 2d 363, 370 n.7 (S.D.N.Y. 2005) (holding that an objection period of 30 days or less was sufficient). As to the assertion that Dell should have admitted

Daur seemingly requests more money for the ex-Dell employees, and thus herself, yet fails to recognize the primarily injunctive nature of this Rule 23(b)(2) class action. The formula for allocating the equitable back-pay component of the settlement fund treats current and former employees identically, except to the extent an individual former employee signed a severance package with Dell (and thus already has received material compensation and signed a release in connection with a departure from Dell). Daur's position also ignores the reality of settlement of a Rule 23(b)(2) class action, because it does not explain what should be different about the settlement and why in context. An objection that "fails to account for the legal or factual context" in which a settlement is reached, such as unsupported allegations of unreasonableness, will not support a conclusion that the settlement is not fair and reasonable. *In re AOL Time Warner, Inc.*, 2006 WL 903236 *15 (S.D.N.Y. 2006). Daur's objection also fails to give weight to the fact that the two named Plaintiffs are themselves former employees, who were clearly mindful of adequately protecting the interests of former Dell employees.

At the Final Fairness Hearing, Daur also articulated a concern that the Settlement lacked adequate enforcement mechanisms. Again, Daur withdrew this newly stated concern, but the Court also overrules the concern. The Settlement through the appointment of an External Advisor, who the parties have advised the Court is a former Secretary of Labor and the active and ongoing role of Class Counsel, with the right of the parties to seek enforcement in this Court after a required mediation process sets forth appropriate and adequate enforcement mechanisms.

Lastly, two Class Members, Andrea Ferrell and Olga Krachina, simply asked not to participate in the Class. Responses stating no specific grounds for objection may be disregarded. *See International Union, United Auto., Aerospace, and Agricultural Implement Workers of Am.*

---

wrongdoing in the settlement, rarely does any settlement in any context includes such an admission, and none is necessary here to make the settlement fair, reasonable, and adequate.

*v. General Motors Corp.*, 2008 WL 2968408 *29 (E.D. Mich. 2008).  Such submissions "provide no basis for rejecting the settlement." *Id.*; *see also* Charles A. Wright, et al., Fed. Prac. & Proc. § 1797 ("Only clearly presented objections ... will be considered.").  The Court does not construe these submissions from Ferrell and Krachina as objections, but to the extent they are objections, they are overruled for the reasons explained throughout this opinion.

The Court also notes its appreciation of the submissions from the absent class members, and in particular of Ms. Daur who took the time to travel from a great distance to attend the hearing and share her views, but reminds the absent class members that:

> a [settlement] is a compromise that cannot possibly satisfy every class member's particular desires; rather, the [settlement] must embody the best settlement available to the class as a whole. This record indicates that gains reached during the settlement could have been delayed, jeopardized or even lost entirely if litigation had continued.  Thus, compromises here were fully justified so as not to gamble with the rights of everybody to satisfy the complaints of some.

*Salinas v. Roadway Express, Inc.*, 802 F.2d 787, 790 (5th Cir. 1986).  In sum, none of the responses/objections provides a reason to disturb the settlement, and all objections, to the extent there are objections remaining, are overruled.

## V.    ATTORNEYS' FEES AND EXPENSES

The proposed award of attorneys' fees was set forth in the Settlement Agreement filed July 22, 2009, and the notices to Class Members and the 52 attorneys general.  An agreed upon award of attorneys' fees and expenses is proper in a class action settlement, so long as the amount of the fee is reasonable under the circumstances. *See* Fed. R. Civ. P. 23(h) (providing that "[i]n an action certified as a class action, the court may award reasonable attorney fees and nontaxable costs authorized by ... agreement of the parties ....").

Here the parties have agreed to award class counsel a lump sum of attorneys' fees and expenses, subject to Court approval.  Importantly, the evidence shows that attorneys' fees were

not negotiated or discussed until after the agreement was reached between the parties on all other terms of the settlement. *See Hanlon*, 150 F.3d at 1029 (noting with approval that "class counsel and [defendant] did not negotiate or discuss attorneys' fees until after the final settlement"). The request by class counsel for attorneys' fees and expenses was set forth in the notice and was met with no opposition from absent class members.

## A.   Attorneys' Fees.

Courts use the "'lodestar method' to calculate attorneys' fees." *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir. 1992). The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id.* The Court then adjusts the lodestar upward or downward depending on the respective weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the length and nature of the attorney-client relationship; and (12) awards in similar cases.

### 1.   Class Counsel's Hourly Rates

In determining the reasonableness of hourly rates, courts consider the experience, reputation and ability of the attorney, and the skill required by the attorneys. *Shipes*, 987 F.2d at 320. Here, class counsel are experienced and skilled practitioners in civil rights and class action

fields.  Considering the complex nature of this case and class counsel's experience, reputation and skill, this Court finds class counsel's rates are reasonable.

### 2.    The Hours Expended by Class Counsel

The Court has also reviewed the evidence submitted concerning the number of hours expended.  The Court is required to determine not only that the total hours claimed by class counsel are reasonable, but the hours were reasonably expended.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995).  Having reviewed the evidence submitted, the Court concludes that the hours spent by class counsel were reasonably expended.

### 3.    Adjustment of the Lodestar using the *Johnson* Factors.

The second step in establishing attorneys' fees is to consider whether the lodestar should be adjusted due to the circumstances of the case.  *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999).  The lodestar factors support adjusting the fees upward in this case.

#### a.    Time and Labor Required.

Although the time and labor required in this case is normally presented in the calculation of the lodestar, there is evidence that class counsel here will be required to expend significant additional time over the course of the term of the settlement involved overseeing compliance.  Simply, class counsel's work is not finished.  The time and labor factor thus weigh in favor of adjusting the lodestar.

#### b.    The Preclusion of Other Employment.

The law firms which make up class counsel are small to medium sized law firms and class counsel are partners of their respective firms.   Counsel have indicated that their involvement in this case has substantially diminished, and perhaps in some cases foreclosed, the

acceptance of other employment or possible business opportunities. *Garza*, 1996 WL 56247, at *31 (considering preclusion of other employment by attorneys due to acceptance of case).

### c.    Customary Fee.

The customary fee in civil rights and other socially valuable cases is often higher than in other cases. *See Fleet Inv. Co. v. Rogers*, 620 F.2d 792, 793-94 (10th Cir. 1980) (noting "[t]he value of an attorney's services is not only measured by the amount of the recovery to plaintiff, but also the non-monetary benefit[s]"); *see also* Wright & Miller, Federal Practice & Procedure, § 1803.1. Case law also supports the proposition that the customary fee in civil rights cases should be enhanced. *See United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 503 (6th Cir. 1984) (recognizing courts should not focus on financial gain when awarding attorneys' fees where results are achieved in form of vindication of civil rights).

### d.    Whether the Fee is Fixed or Contingent.

This case was taken on a contingency fee. The contingency fee system "permits a greater recovery for successful cases, thereby rewarding their investment in successes, and offsetting the losses from unsuccessful cases." *In re Shell Oil Refinery*, 155 F.R.D. 552, 571 (E.D. La. 1993). Adjustment of the lodestar to reflect the contingent nature of the suit was recognized by the Fifth Circuit in *Graves v. Barnes*, 700 F.2d 220, 222-23 (5th Cir. 1983). Given the complex legal and factual issues confronting counsel, as discussed throughout this opinion, class counsel undertook a considerable risk with no guarantee any fees or expenses would be recovered.

### e.    The Amount Involved and the Results Obtained.

The settlement involves not only monetary relief, but, most importantly, terms concerning the polices and procedures at Dell. *See Garza*, 1996 WL 56247, at *332 (considering

amount involved and results obtained when considering request for attorneys' fees in class action settlement).  Also, courts have recognized that "[t]oo great an emphasis on the amount realized from the judgment would detrimentally encourage attorneys to concentrate on increasing the damage award, perhaps with harm to the merits of the case."  *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers' Ass'n, Local 307*, 732 F.2d at 503.  The Court concludes, for reasons discussed throughout this Order, that the settlement here was a superior result and therefore this factor favors enhancing the lodestar.

      **f.**      **Awards in Similar Cases.**

Courts often look at fees awarded in comparable cases to determine if the fee requested is reasonable. *Johnson*, 488 F.2d at 719 & n. 5 (citing similar cases reviewed when determining whether to adjust lodestar).  The average range of multipliers applied to other class actions has been from 1.0 to 4.5.  *Garza*, 1996 WL 56247, at *33.  The range of multipliers on large and complicated class actions have ranged from at least 2.26 to 4.5.  *Id.*  Here, a fee award of less than $1,040,000.00 million, representing a multiplier of slightly less than 2, is equal to or less than the average fee awarded in similar complex class action litigation.  Specifically, the fee requested here compares favorably to awards in other complex, civil rights and/or class actions:

- *Bernardi v. Yeutter*, 951 F.2d 971, 975 (9th Cir. 1991) (multiplier of 2).

- *Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 954 F. Supp. 1000, 1005 (D.N.J. 1997) (2.39 multiplier on the lodestar).

- *Garza v. Sporting Goods Properties, Inc.*, 1996 WL 56247, at *33 (W.D. Tex. Feb. 6, 1996) (multipliers of 3.5 and 4 were appropriate).

- *Pooshs v. Fluoroware, Inc.*, 1994 WL 374540, at *5 (N.D. Cal. July 11, 1994) (awarding multiplier of 2 in civil rights case).

- *In re Fernald Litig.*, 1989 WL 267038, at *5 (S.D. Ohio Sept. 29, 1989) (awarding class counsel equivalent of multiplier of 5).

Based on awards in similar cases and upon the factors set forth above, this Court concludes the fee requested here, which represents a multiplier of less than 2, is appropriate for this case.

In sum, having reviewed the request in light of all the *Johnson* factors, the Court finds that the factors are either neutral or support an upward adjustment of the multiplier. The fees sought are fair and reasonable and justified by the *Johnson* factors.

### 2.   Expenses.

The appropriate analysis to apply in determining which expenses are compensable in a class action case is whether such costs are of the variety typically billed by attorneys to clients. *Abrams v. Lightolier*, 50 F.3d 1204, 1225 (3d Cir. 1995) (determining expenses are recoverable if it is customary to bill clients for these expenses). In this case, class counsel have incurred expenses through the date of filing the final approval motion of slightly in excess of $66,000.00. These expenses include costs for filing fees, expert witnesses and consultants, photocopies, mailing and travel. The Court finds the requested costs to be reasonable and, therefore, the Court finds class counsel should be reimbursed for these litigation related expenses.

Overall, the requested attorneys' fees and expenses are within the range of attorneys' fees awards made in comparable cases and is reasonable under both the "lodestar" and percentage of fund method of calculations. Accordingly, the Court awards $1,100,000.00 to Class Counsel, to be paid by Dell pursuant to the settlement for their fees and expenses incurred in prosecuting this case and in monitoring and enforcing the Settlement Agreement.

### VI.   <u>SERVICE PAYMENTS TO CLASS REPRESENTATIVES</u>

The two named Plaintiffs who have performed services for the class have made a request for compensation. "Federal courts consistently approve incentive awards in class action lawsuits to compensate named Plaintiffs for the services they provide and burdens they shoulder

during litigation." *Camp v. Progressive Corp.*, 2004 WL 2149079, at *8 (E.D. La. 2004) (internal quotation omitted). Having reviewed the record, the Court finds the service payments to the named Plaintiffs is justified in light of the named Plaintiffs' willingness to devote their time and energy to this civil rights representative action and reasonable in consideration of the overall benefit conferred on the settlement class.

## VIII.  CONCLUSION

Based on the foregoing analysis, the settlement, as evidenced by the parties' agreement, is hereby determined to be fair, reasonable and adequate. The $1,100,000.00 in attorneys' fees and expenses requested by class counsel are further found to be reasonable, as is the award of compensation to the two named class representatives. THE COURT FURTHER FINDS AND ORDERS AS FOLLOWS:

1.     On July 23, 2009, the Court entered an Order Preliminarily Approving Settlement in this cause based upon a Settlement Agreement entered into by the Parties.

2.     The Court hereby adopts all of the findings contained in its Order Preliminarily Approving Settlement. In addition, this Final Order and Judgment Approving Class Action Settlement incorporates by reference the definitions contained in the Settlement Agreement, and all capitalized terms used in this Final Order and Judgment Approving Class Action Settlement will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Order and Judgment Approving Class Action Settlement.

3.     This matter satisfies the prerequisites for certification of a settlement class under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

4.     The Settlement Agreement primarily provides injunctive and equitable relief, This monetary damages portion of the settlement are merely incidental to the injunctive and

equitable relief being provided in the Settlement Agreement for Class Members.

5.       The Court thus finds that the Class satisfies Rule 23(b)(2) of the Federal Rules of Civil Procedure in that it appears Dell in this cause has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

6.       Given that the present action falls within the classic Rule 23(b)(2) paradigm, no opt-out procedure is necessary to protect the interests of the Class. The interests of the Class Members in this Settlement are cohesive and homogeneous, Plaintiffs seek to redress an alleged common injury properly through class-wide equitable relief.   The relief offered in the Settlement is not dependent on adjudication of facts particular to any subset of the class nor does it require a remedy that differs materially among Class members. As a result, an opt-out procedure is not required and all Class Members may properly be bound by the release and final judgment to be entered pursuant to the Settlement.

7.       Notice to the Settlement Class has been provided in accordance and compliance with this Court's Preliminary Order Approving Settlement Agreement, and notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies the requirements of due process.   Full opportunity has been afforded to members of the Class to participate in this Fairness Hearing.  Accordingly, the Court determines that all members of the Class are bound by this Order and Final Judgment Approving Class Action Settlement.

8.       Plaintiffs' Motion for Final Approval of Class Action Settlement and Entry of Final Judgment is GRANTED.

9.       Pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the following Settlement Class is certified:  "All women employed by Dell in the United States for

at least one day in a C1 through D3 grade level positions or their equivalents between February 14, 2007 and December 31, 2008, excluding any former employee who previously executed a complete release as part of any prior litigation or settlement agreement (but not a severance agreement) and further excluding any current or former employee who filed a complaint of discrimination with a state or federal agency."

10.     The Settlement Agreement submitted by Plaintiffs is finally approved as fair, reasonable and adequate and in the best interests of the Class, and the parties are directed to consummate and to implement the Settlement Agreement in accordance with its terms. The provision of equitable relief shall take place in accordance with the Settlement Agreement.

11.     The law firms of Hance Scarborough L.L.P. and Scott, Douglass & McConnico, L.L.P. are appointed Class Counsel for the settlement Class and shall act on behalf of the Class Representative and all members of the settlement Class.

12.     Plaintiffs Jill Hubley and Laura Guenther are hereby certified as the Class representatives of the Class defined above.

13.     Class Counsel has applied for an award of attorneys' fees and expenses to be paid pursuant to the terms of the Settlement. This Court awards Plaintiffs' Counsel attorneys' fees and expenses of $1,100,000.00.  Said fees and expenses are determined by the Court to be fair, reasonable and appropriate.

14.     Plaintiffs have applied for service payments to be paid to the representative Plaintiffs.  Recognizing these representative Plaintiffs' efforts on behalf of the Class, this Court finds the awards provided for in the Settlement Agreement to be fair, reasonable and appropriate, and approves the service payments as set out in the Settlement.

15.     Any person wishing to appeal this Final Order and Judgment Approving Class

Action Settlement shall post a bond with this Court to cover the costs of appeal as a condition of prosecuting the appeal. The amount of the appeal bond will be set if, as, and when a notice of appeal is filed.

16.     The Plaintiffs, the Class Members, and Dell having so agreed, good cause appearing, and there being no just reason for delay, it is ordered that this Final Order and Judgment Approving Class Action Settlement, is hereby entered as a final and appealable order.

17.     This Action is dismissed with prejudice and without further costs, including but not limited to claims for interest, penalties, costs and attorneys' fees, that Plaintiffs and any Class Members have alleged or may have alleged in connection with this Litigation.  Without affecting the finality of this Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of the Settlement Agreement, and this Order.

SIGNED this ___6th___ day of ___Nov.___, 2009.

HONORABLE JAMES R. NOWLIN
United States District Court